IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DBDFW 3, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:18-CV-3148-C |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| **Defendants.** | § | |

### PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COMES NOW Plaintiff, DBDFW 3, LLC ("Plaintiff") and asks the Court to deny the Motion to Dismiss filed by Defendant or in the alternative grant Plaintiff leave to amend their pleadings, and would respectfully show the Court as follows:

### INTRODUCTION

Plaintiff is the record owner of the property located at 4219 Towne Lake Court, Irving, Texas 75061 ("Property").

The Property was purchased by 2012 Properties LLC via Sheriff's Deed from Villas at Towne Lake Homeowner's Association Inc. by deed dated April 20, 2015 and filed in the Dallas County Property Records on April 21, 2015 under Document Number 201500099686. DB2017, LLC subsequently became the owner of the Property.

Plaintiff purchased the Property on October 1, 2018 via General Warranty Deed from DB2017, LLC. The General Warranty Deed was filed in the Dallas County Property Records under Document Number 201800288138. Plaintiff now has legal title to the Property, has made

improvements to the Property, and has maintained the structure of the Property as well as the outside of the Property.

Plaintiff attempted to obtain the payoff amount of the note held by Defendant so that Plaintiff can pay the note and preserve its legal interest in the Property. Defendant failed to give such information to Plaintiff and refused to recognize that Plaintiff is the legal owner of the Property; Defendant did not provide a payoff amount until December 12, 2018. Defendant's conduct to delay to provide the payoff has caused the payoff amount to increase with interest and penalties.

Despite Defendant's failure to give Plaintiff a payoff and refusal to recognize that Plaintiff is the legal owner of the Property, Defendant posted the Property for a foreclosure sale to occur on November 6, 2018.  On November 2, 2018, Plaintiff filed its Original Petition and Application for Temporary Restraining Order in the 116th Judicial District Court of Dallas County, Texas.

Defendant now has removed the case to this Court and filed a Motion to Dismiss alleging Plaintiff failed to state a claim against Defendant.

Plaintiff files this Response asking the Court to deny Defendants' Motion to Dismiss in its entirety and to allow the parties to conduct discovery and address the merits of its claims against Defendant.  In the alternative, should the Court find that one or more of Plaintiff's theories of recovery are not properly pled, Plaintiff respectfully requests this Court grant Plaintiff leave to amend its pleadings.

## STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiffs fail "to state a claim upon which relief may be granted."[1]  The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  The Supreme Court held that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.[3]  A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible."[4]

When considering Defendant's motion to dismiss, the Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff.[5]  Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the Court grant Defendant's motion.[6]  If the factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiffs to some relief, the Court should overrule Defendants' motion.  Granting a motion to dismiss is a "disfavored" practice.[7]  Plaintiff is not required to "establish" any facts until either a motion for summary judgment is filed or at the trial itself.[8]

As Plaintiff establishes below, Plaintiff has alleged sufficient facts to state a claim for relief that is "plausible on its face." Accordingly, Defendants' Motion to Dismiss should be denied.  Should the Court find that one or more of Plaintiff's theories of recovery are not

---

[1] FED. R. CIV. P. 12(b)(6)
[2] *Id.* at 555.
[3] *Id.* at 570.
[4] *Id.*
[5] *Collins v Morgan Stanley Dean Witter,* 224 F. 3d 496, 498-99 (5th Cir. 2002); *In Re: Stac Elecs. Scc. Litig.,* 89F. 3d 1399, 1403 (9th Cir. 1966).
[6] *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232(1984).
[7] *In Re: OODC, LLC,* 321 B.R. 128, 134 (Bankr. D. Del. 2005).
[8] *Constitution Bank v. DiMarco*, 815 Supp 154, (ED. Pa 1993) ("Court may grant motion only if it is beyond doubt that nonmovant can plead no facts that would support its claim for relief.")

properly pled, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and grant Plaintiff leave to amend his pleadings.

## ARGUMENTS AND AUTHORITIES

**A.    Plaintiff has standing to bring its claims because it is the owner of record of the Property.**

Plaintiff purchased the Property on October 1, 2018 via General Warranty Deed from DB2017, LLC.  The General Warranty Deed was filed in the Dallas County Property Records under Document Number 201800288138.  The deed conveying title to Plaintiff is the last deed in the chain of title.   The deed evidences that Plaintiff is the current owner of record of the Property and hence have standing to bring its claims.

**B.    Plaintiff's claims are not barred by res judicata.**

Any claims by Plaintiff for Defendant's failure to provide a payoff and for Defendant's failure to recognize that Plaintiff is the legal owner of the Property could not exist and did not come into existence until after Plaintiff gained interest in the property on October 1, 2018.  Any prior dismissal of similar claims involving the Property did not and could not involve Plaintiff's claims that only came into existence after Plaintiff gained interest in the property on October 1, 2018.

**C.    Plaintiff states a claim against Defendant upon which relief may be granted.**

Plaintiff purchased the Property on October 1, 2018 via General Warranty Deed from DB2017, LLC.  The General Warranty Deed was filed in the Dallas County Property Records under Document Number 201800288138.  Plaintiff's respective ownership and legal interests are on record in the Dallas County Deed Records.  Plaintiff has an ownership interest in the Property and has the right and authority to pay on the note and communicate with any valid mortgagee or valid mortgage servicer administering the note.  Plaintiff's claims all arise from Defendant's

refusal to recognize that Plaintiff has an interest in the Property and have the right to receive a payoff. Defendant's refusal to provide Plaintiff a payoff up until December 12, 2018 has caused Plaintiff to incur damages. Defendant's refusal to acknowledge Plaintiff as a party with any authority or rights in connection to the Property is improper interference with the performance of Plaintiff's contract to purchase the Property from DB2017, LLC and have resulted in an ever-increasing arrearage on the Property and the proximate cause of damages to the Plaintiff. While Defendant has finally provided a payoff to Plaintiff, Defendant's prior refusals to communicate with Plaintiff and provide a payoff have resulted in an ever-increasing arrearage and also legal fees and costs to file this action to force Defendant to finally provide a payoff. Merely providing a payoff now is not enough to make Plaintiff whole again.

If the Court deems that any of Plaintiff's claims are deficient, then Plaintiff requests the opportunity to cure such pleading deficiencies. Plaintiff is willing and able to do so if ordered by the Court and should be afforded the opportunity to amend.

**D.     Plaintiff's claim for declaratory relief does not fail.**

Plaintiff seek declaratory relief that Plaintiff has an ownership interest in the Property and has the right and authority to pay on the note and communicate with any valid mortgagee or valid mortgage servicer administering the note. As explained before, Defendant's refusal to provide Plaintiff a payoff up until December 12, 2018 has caused Plaintiff to incur damages. Defendant's refusal to acknowledge Plaintiff as a party with any authority or rights in connection to the Property is improper interference with the performance of Plaintiff's contract to purchase the Property from DB2017, LLC and have resulted in an ever-increasing arrearage on the Property and the proximate cause of damages to the Plaintiff. While Defendant has finally provided a payoff to Plaintiff, Defendant's prior refusals to communicate with Plaintiff and provide a payoff have resulted in an ever-increasing arrearage and also legal fees and costs to file

this action to force Defendant to finally provide a payoff. Merely providing a payoff now is not enough to make Plaintiff whole again. Plaintiff's substantive claims do not fail as a matter of law and hence Plaintiff's request for declaratory relief does not fail.

If the Court deems that any of Plaintiff's claims are deficient, then Plaintiff requests the opportunity to cure such pleading deficiencies. Plaintiff is willing and able to do so if ordered by the Court and should be afforded the opportunity to amend.

## CONCLUSION & PRAYER

Considering all the foregoing, Plaintiff respectfully requests that the Court deny all relief sought by Defendant in their Motion to Dismiss; alternatively, should the Court determine that a more definite statement as to any claim would be necessary in the interest of justice, that Plaintiff be permitted to replead to that effect and to cure any inadvertent errors of date or party reference.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court deny Defendant's Motion to Dismiss or in the alternative, permit Plaintiff leave to replead his First Amended Complaint.

Respectfully submitted,

Asem Z. Eltiar
Eltiar Law, PLLC
4530 E. Belknap St.
Haltom City, Texas 76117
(817) 541-4011 Phone
(817) 423-7708 Fax
ezlaw2@gmail.com


By:  /s/ Asem Z. Eltiar
   Asem Z. Eltiar
   Counsel for Plaintiff
   State Bar No. 24012590

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January 2018, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF System. Notice of this filing has been forwarded to all counsel of record by operation of the Court's electronic filing system.

                /s/ Asem Z. Eltiar
                Asem Z. Eltiar
                Counsel for Plaintiff