IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DBDFW 3 LLC,                          §
                                      §
             Plaintiff,               §
                                      §
V.                                    §          No. 3:18-cv-3148-C-BN
                                      §
JPMORGAN CHASE BANK, N.A.,            §
                                      §
             Defendant.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. *See* Dkt. No. 17.

Defendant JPMorgan Chase Bank, N.A. ("JPMC") has filed a Motion to Dismiss Plaintiff's First Amended Complaint. *See* Dkt. Nos. 9 & 10. Plaintiff DBDFW 3, LLC ("DBDFW 3") has filed a response, *see* Dkt. No. 15, and JPMC has filed a reply, *see* Dkt. No. 19.

The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

## Background

This lawsuit involves property located at 4219 Towne Lake Court in Irving, Texas (the "Property") and JPMC's attempts to foreclose on the Property.

On April 7, 2015, 2012 Properties LLC ("2012 Properties") purchased the

Property for $9,630 at a sheriff's sale. The Sheriff's Deed conveying the Property was filed in the Dallas County Property Records. *See* Dkt. No. 6 at 2 (Plaintiff's Amended Complaint); Dkt. No. 11-1 at 2-3 (Sheriff's Deed).

2012 Properties transferred the Property to DBDFW 2, LLC ("DBDFW 2") on November 21, 2016. The General Warranty Deed conveying the Property was filed in the Dallas County Property Records. *See id.* at 5-7.

DBDFW 2 transferred the Property back to 2012 Properties on June 19, 2017. The General Warranty Deed conveying the Property was filed in the Dallas County Property Records. *See id.* at 9-11.

JPMC posted the Property for foreclosure sale on July 4, 2017. *See id.* at 23.

2012 Properties filed an Original Petition and Application for Temporary Restraining Order (the "First Lawsuit") against JPMC in state court. *See id.* at 20-28. On August 24, 2017, the parties filed a Stipulation of Dismissal with Prejudice, which dismissed all claims with prejudice. *See id.* at 30-35.

On December 21, 2017, DBDFW 2 purported to transfer the Property to DB2017 LLC ("DB2017"). The General Warranty Deed purportedly conveying the Property was filed in the Dallas County Property Records. *See id.* at 13-15.

JPMC posted the Property for foreclosure sale on July 3, 2018. *See id.* at 39.

DB2017 filed an Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Second Lawsuit") against Defendant in state court. *See id.* at 37-50. On August 24, 2018, the parties filed a Stipulation of Dismissal

with Prejudice, which dismissed all claims with prejudice. *See id.* at 53-57.

On October 1, 2018, DB2017 purportedly transferred the Property to DBDFW 3, the plaintiff here. The General Warranty Deed purportedly conveying the Property was filed in the Dallas County Property Records. *See id.* at 17-19.

JPMC posted the Property for foreclosure sale on November 6, 2018. *See* Dkt. No. 1-3 at 11.

DBDFW 3 filed this lawsuit against JPMC on November 2, 2018. DBDFW 3 filed its Original Petition and Application for Restraining Order in state court, *see id.* at 9-17; JPMC timely removed the case to this Court, *see* Dkt. No. 1; and Judge Cummings ordered DFDWB 3 to file an amended complaint in compliance with the Federal Rules of Civil Procedure, *see* Dkt. No. 4.

In its First Amended Complaint, DBDFW 3 alleges that it is the record owner of the Property. DBDFW 3 alleges that the Property was purchased by 2012 Properties, that DB2017 subsequently became the owner of the Property, and that DBDFW 3 purchased the Property from DB2017. DBDFW further alleges that it attempted to obtain the payoff amount of the note held by JPMC so that it can pay the note and preserve its legal interest in the Property, but JPMC failed to give DBDFW 3 that information and refused to recognize DBDFW 3 as the legal owner of the Property. DBDFW 3 further alleges that JPMC provided it with a payoff amount on December 12, 2018, but JPMC's conduct and delay in providing the payoff amount caused the payoff amount to increase with interest and penalties. *See* Dkt. No. 6 at 2.

DBDFW 3 seeks a declaratory judgment that it is the legal owner of the Property with the right and authority to pay the note and communicate with any valid mortgagee or valid mortgagee servicer administering the note. DBDFW 3 also asserts claims for tortious interference with contract, to quiet title, and equitable redemption. *See id.* at 3-4.

JPMC moves to dismiss Plaintiff's First Amended Complaint, arguing that DBDFW 3 lacks standing to bring its claims, that DBDFW 3's claims are barred by res judicata, and that DBDFW 3 fails to allege sufficient facts to state a claim for quiet title, tortious interference, or equitable redemption and that, because DBDFW 3 failed to sufficiently plead any of its substantive claims, it is not entitled to declaratory relief.

The undersigned now concludes that the motion to dismiss should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to

relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the

-6-

contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). That includes adjudicative facts apparent from court records. *See Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL 5538413, at *4 (N.D. Tex. Dec. 14, 2010) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201. And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th

Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

**Analysis**

I.   <u>DBDFW 3 fails to sufficiently allege that it has standing.</u>

DBDFW 3 alleges that it acquired title to the Property under a general warranty deed conveying the Property from DB2017 to DBDFW 3 and that, because this is the last deed in the chain of title, DBDFW 3 is the current owner of record. According to the publicly-filed deeds in the record of this case:

- 2012 Properties LLC purchased the Property on April 7, 2015.

- 2012 Properties transferred the Property to DBDFW 2 on November 21, 2016.

- DBDFW 2 transferred the Property back to 2012 Properties on June 19, 2017.

- DBDFW 2 transferred the Property to DB2017 on December 21, 2017.

- DB2017 transferred the Property to DBDFW 3 on October 1, 2018.

There is nothing in the record to explain how DBDFW 2 acquired the property before it purportedly conveyed it DB2017, who then conveyed it to DBDFW 3, and, as JPMC notes, "there is no indication that 2012 Properties had conveyed its interest back to DBDFW 2." Dkt. No. 10 at 12. And DBDFW 3 fails to explain this gap in the chain of title or otherwise address JPMC's argument that DBDFW 3 is not the owner of record because the Property is owned by 2012 Properties and DB2017 had no interest in the Property to convey. In its First Amended Complaint and its response to the motion to dismiss, DBDFW 3 states only that "[t]he Property was purchased by 2012 Properties

-8-

LLC via Sheriff's Deed from Villas at Towne Lake Homeowner's Association Inc. by deed dated April 20, 2015 and filed in the Dallas County Property Records on April 21, 2015 under Document Number 201500099686" and that "DB2017, LLC subsequently became the owner of the Property." Dkt. No. 6 at 2; Dkt. No. 15 at 1.

The undersigned concludes that DBDFW 3 has failed to allege facts that would support its standing to bring this lawsuit in its pleadings, its response to JPMC's motion to dismiss, or any other filings in this suit and concludes that DBDFW 3's claims against JPMC should be dismissed for lack of standing to assert its claims in this lawsuit because it is not the owner of record of the Property. *Accord Boykin for Roy Lee Kemp Trust v. Wells Fargo Fin. Tex., Inc.,* Civ. A. No. 4:17-02663, 2017 WL 6209606, at *3 (S.D. Tex. Dec. 8, 2017) (granting Rule 12(b)(6) motion on similar grounds and record).

II.    <u>DBDFW 3's claims are barred by res judicata.</u>

JPMC argues that, even if DBDFW 3 is the current owner of the Property and has standing, DBDFW 3's ownership interest is as successor-in-interest to DB2017, and its claims are barred by res judicata because DB2017 filed a similar lawsuit against JPMC, which was dismissed with prejudice under a stipulation of dismissal. *See* Dkt. No. 11-1 at 37-51, 53-55, 56-58.

DBDFW 3 responds:

Any claims by Plaintiff for Defendant's failure to provide a payoff and for Defendant's failure to recognize that Plaintiff is the legal owner of the Property could not exist and did not come into existence until after Plaintiff gained interest in the property on October 1, 2018. Any prior dismissal of similar claims involving the Property did not and could not

involve Plaintiff's claims that only came into existence after Plaintiff gained interest in the property on October 1, 2018.

Dkt. No. 15 at 4.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata dismissal is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See id.*; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). To determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid*

-10-

*Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131(1979).

For purposes of res judicata, privity is the "legal conclusion that the relationship between the [parties] is sufficiently close to afford application of the principle of preclusion." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 677 (5th Cir. 2003). Parties are considered to be in privity when they share an identity of interests in the "basic legal right that is the subject of litigation." *In re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003).

"The application of res judicata to suits by those in privity with a prior party exists to 'ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims.'" *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 653 (Tex. 1996)). There are at least three ways in which parties can be in privity: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Id.* (quoting *Amstadt*, 919 S.W.2d at 653).

DBDFW 3 alleges that it acquired its interest in the Property from DB2017, the plaintiff in a prior action. "[A] non-party who has succeeded to a party's interest in

property is bound by any prior judgment against the party," *Southwest Airlines Co. v. Texas Intern. Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977), even if the non-party's rights accrued subsequent to the prior litigation, *Armstadt*, 919 S.W.2d at 653.

On the undisputed facts on the record here, DBDFW 3 and DB2017 were in privity.

And DBDFW 3 does not challenge the other elements of res judicata, and JPMC has met its burden to show that on the record properly before the Court that DBDFW 3's claims are barred by res judicata.

The prior suit was filed in the United States District Court for the Northern District of Texas, which is a court of competent jurisdiction.

A stipulated dismissal with prejudice is a final judgment on the merits for purposes of a res judicata analysis. *See Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir. 2009); *Lee v. Parker Cnty. Sheriff's Dep't*, No. CivA. 4:05-cv-16-Y, 2005 WL 1511664, at *2 (N.D. Tex. June 27, 2005).

And the same claims were or could have been raised in both lawsuits and both lawsuits are based on the same nucleus of operative facts. On June 26, 2018, DB2017 sued JPMC after JPMC posted the Property for foreclosure sale. DB2017 alleged that, after it obtained the Property, it attempted to determine the status of the loan and obtain the payoff amount from JPMC, but JPMC failed to provide the requested information and refused to recognize DB2017 as the legal owner of the Property. DB2017 sought declaratory judgment that it had record title in and to the Property and

had the right and authority to pay the lien and communicate with any valid mortgagee or valid mortgage servicer administering the lien and that JPMC did not provide DB2017 with notice to cure default during the foreclosure proceedings. DB2017 also asserted a claim for quiet title. *See* Dkt. No. 11-1 at 37-51.

In this case, DBDFW 3 alleges that it purchased the Property from DB2017. DBDFW 3 alleges that it attempted to obtain the payoff amount of the note held by JPMC so that it can pay the note and preserve its legal interest in the Property, but JPMC failed to give DBDFW 3 the requested information until December 12, 2018, and JPMC refused to recognize DBDFW 3 as the legal owner of the Property. DBDFW 3seeks declaratory judgment that is has an ownership interest in the Property and has the right and authority to pay on the note and communicate with any valid mortgagee or valid mortgage servicer administering the note. DBDFW 3 also asserted claims for tortious interference with contract, quiet title, and equitable redemption. *See* Dkt. No. 6.

Viewing the allegations in the light most favorable to DBDFW 3 and based on the public documents included in the record of this case and other materials of which the Court may properly take judicial notice and review on a Rule 12(b)(6) motion, the Court should conclude that DBDFW 3's claims are barred by res judicata. *Accord Thompson v. Dallas City Attorney's Office*, No. 3:17-cv-556-G, 2017 WL 3189711, at *3 n.3 (N.D. Tex. July 27, 2017) ("While the affirmative defense of res judicata generally cannot be brought in a motion to dismiss, the Fifth Circuit has held that '[i]f, based on the facts

pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.' *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227-28 (5th Cir. 2008) (citing *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, because all relevant facts for determining res judicata appear on the face of the pleadings and documents subject to judicial notice, the court proceeds to consider the defendant's res judicata argument.").

The Court may do so despite the Fifth Circuit's explaining that "'generally a res judicata contention cannot be brought in a motion to dismiss," where the Fifth Circuit has likewise held this bar is waived by a plaintiff's failure to assert it. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (quoting *Test Masters*, 428 F.3d a 570 n.2, and noting that appellants "make no contention (and apparently did not contend below) that a Rule 12(b)(6) motion is an improper vehicle to support a res judicata (or collateral estoppel) dismissal"); *accord Thompson*, 2017 WL 3189711, at *3 n.4 ("The court also notes that Thompson has not challenged the propriety of the City raising an affirmative defense in its motion to dismiss, and thus waives this argument. *See Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) (reviewing the appellees' res judicata argument under the 12(b)(6) standard because the appellant did not challenge the appellees' ability to do so), *cert. denied*, 547 U.S. 1055 (2006); *Hall*, 305 Fed. Appx. at 227 (same)."); *Rain CII Carbon LLC v. Phillips 66 Co.*, Civ. A. No. 13–744, 2013 WL 5506144, at *4 (E.D. La. Sept. 30, 2013) ("However, if a plaintiff fails to object to the defendant raising res judicata in a motion to dismiss, the plaintiff does

not preserve a challenge to the defendant's use of a motion to dismiss for this purpose, and therefore the issue of res judicata may be evaluated under the motion to dismiss.").

III.    <u>Plaintiff fails to state a claim upon which relief can be granted.</u>

Even assuming that DBDFW 3 has standing, and even assuming that the Court could not conclude on a Rule 12(b)(6) motion that DBDFW 3's claims are barred by res judicata, DBDFW 3 fails to allege sufficient facts to state any claim on which relief can be granted.

A.    <u>DBDFW 3 fails to state a claim for quiet title.</u>

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman v. Bayview Loan Serv., L.L.C*, 727 F. App'x 787, 790 (5th Cir. 2018) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)).

> To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself ... with sufficient certainty to enable the court to see he ... has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (unpublished) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied)). Importantly, the plaintiff in a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

*Id.* at 790-91. ""Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and

(3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

In its claim for quiet title, DBDFW 3 states that it "is entitled to equitable relief by a judicial decree and order declaring Plaintiff to be the title owner of record of the Property and quieting Defendants' title therein and thereto subject to only legitimate liens and encumbrances." Dkt. No. 6 at 4. DBDFW 3 acknowledges that JPMC holds a lien on the Property. *See id.* at 3. DBDFW 3's quiet title claim is based on JPMC's refusal to recognize it as the legal owner of the Property, but DBDFW 3 does not allege that JPMC asserts any interest adverse to DBDFW 3's ownership.

B.    <u>DBDFW 3 fails to state a claim for tortious interference with contract.</u>

The elements of tortious interference with contract are (1) a contract subject to interference; (2) a willful and intentional act of interference; (3) that was a proximate cause of the plaintiff's damages; and (4) actual damage. *See Cuba v. Pylant*, 814 F.3d 701, 717 (5th Cir. 2016). " 'For a plaintiff to maintain a tortious interference claim, it must produce some evidence that the defendant knowingly induced one of the contracting parties to breach its obligations under a contract.'" *Id.* (quoting *All Am. Tel.,*

*Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 532 (Tex. App. – Fort Worth 2009, pet. denied)). "Although it does not appear that an actual breach must occur, the defendant must have intended to induce a breach (even if unsuccessful), thereby making performance more difficult in some way that injured the plaintiff." *Id.; see generally Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (explaining that the Fifth Circuit's "interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders [the Fifth Circuit's] prior decision clearly wrong").

DBDFW 3 alleges that JPMC's "refusal to acknowledge Plaintiff as a party with authority or rights in connection to the Property is improper interference with the performance of Plaintiff's contract to purchase the Property from DB2017, LLC and have resulted in an ever-increasing arrearage on the Property and the proximate cause of damages to the Plaintiff." Dkt. No. 6 at 3-4.

But DBDFW 3 fails to allege how JPMC's actions have interfered with the contract to purchase the Property, including how JPMC interfered with either party's performance under the alleged contract, and it is unclear from the First Amended Complaint how DBDFW 3's satisfaction of JPMC's lien would be relevant to a contract between DBDFW 3 and DB2017. DBDFW 3 also fails to adequately allege that any interference by JPMC was willful and intentional. And it fails to plead with any specificity how the alleged interference proximately caused DBDFW 3's damages, or that DBDFW 3has actually been damaged or suffered a loss as a result of the alleged tortious interference with the contract to purchase the Property from DB2017.

-17-

C.    <u>DBDFW 3 fails to state a claim for equitable right of redemption.</u>

A right of redemption is a right to pay the full amount owed on a mortgage to redeem a property subject to foreclosure within a reasonable time of default. *See Holt v. Deutsche Bank Nat'l Trust Co.*, No. 4:16-cv-196-A, 2016 WL 1633254, at * (N.D. Tex. April 20, 2016) (citing *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App. – Austin, 1990, no writ)). To state a claim for equitable right of redemption, plaintiff must show it: (1) has an equitable or legal right to the property; (2) based on the interest in the property, would suffer a loss from foreclosure; and (3) is ready, able or willing to redeem the property in controversy by paying off the amount of valid and subsisting liens to which the property is subject as well as amounts expended by the mortgagee in association with the default. *See Green v. Wells Fargo Bank, N.A.*, No. 4:17-cv-357-A, 2017 WL 2364334, at *2 (N.D. Tex. May 30, 2017); *Washington v. Wells Fargo Bank, N.A.*, No. 4:16-cv-912-O, 2017 WL 2999761, at * (N.D. Tex. April 20, 2017).

Stating that the plaintiff is willing to satisfy the lien is insufficient to state a claim for equitable redemption. *See Holt*, 2016 WL 1633254, at * 2. The plaintiff must provide additional details such as the value of the lien, how it would pay, its own net worth or assets, or any other information from which the court could infer that plaintiff's right to relief is plausible. *See 330 Cedron Trust v. Citimortgage, Inc.*, No. SA-14-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. April 8, 2015). And a tender of whatever amount is due on the note is a "necessary prerequisite" to the recovery of title under an equitable redemption claim. *See Fisher v. Wells Fargo Bank, N.A.*, No. 4:17-cv-283-O-

-18-

BP, 2017 WL 3225491, at *2 (N.D. Tex. July 12, 2017) (quoting *Kingman Holdings, LLC v. BAC Home Loans Servicing, LP*, No. 4:10-cv-698, 2011 WL 1882269, at *4 (E.D. Tex. April 21, 2011).

Here, DBDFW 3 states the elements of the claim, then states that it has an interest in the Property and made a request to payoff the Property before the foreclosure sale. *See* Dkt. No. 6 at 4. DBDFW 3's conclusory statements do not state a claim for equitable redemption.

　　　D.　　DBDFW 3 fails to state a claim for declaratory judgment.

Declaratory judgment is a form of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN),* 915 F.2d 167, 170-71 (5th Cir. 1990). JPMC asserts that DBDFW 3's claims for declaratory judgment should be dismissed because DBDFW 3 has not alleged any viable claims.

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interested party. 28 U.S.C. §§ 2201-2202. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). The FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an

-19-

existing case or controversy. *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Id.* And, further, a request for declaratory judgment is remedial in nature and depends upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

As discussed above, Plaintiff has failed to allege facts demonstrating a justiciable controversy. Accordingly, the claims for a declaratory judgment should be dismissed.

IV.     <u>DBDFW 3 is not entitled to attorneys' fees.</u>

DBDFW 3 seeks reasonable and necessary attorneys' fees and costs, *see* Dkt. No. 6 at 5, but it has not pleaded any claim on which attorneys' fees would be recoverable. Attorneys' fees are not recoverable for a quiet title claim, *see Sani v. Powell*, 153 S.W.3d 736, 745 (Tex. App. – Dallas 2005, pet. denied); for a tortious interference with contract claim, *see Aspen Tech., Inc. V. M3 Tech., Inc.,* 569 F. App'x 259, 272 (5th Cir. 2014) (citing *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 234 (5th Cir. 1986)); for a claim for equitable redemption, *see GAI IRA, LLC v. Wells Fargo Bank, N.A.*, Civ. A. No. H-14-1327, 2015 WL 341922, at *3 (S.D. Tex. May 27, 2015); or under the FDJA, *see AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009).

V.     <u>DBDFW 3's claims should be dismissed with prejudice.</u>

In its response, DBDFW 3 seeks an opportunity to replead if the Court determines that any of its claims are deficient. *See* Dkt. No. 15 at 5.

The provision of Federal Rule of Civil Procedure 15(a)(2) that states "[t]he court

should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Because the Court should conclude that DBDFW 3's claims are barred by res judicata, no amount of artful or creative pleading of facts will permit DBDFW 3 – which has already filed one amended complaint – to state a claim on which relief can be granted. DBDFW 3 may or may not be able to allege sufficient facts to create a reasonable inference that there is no gap in the chain of title and thus show that it has standing. And DBDFW 3 may or may not be able to plead additional facts to support its quiet title, tortious interference with contract, and equitable redemption claims. But it could not overcome the legal conclusion that all of its claims are barred by res judicata.

Accordingly, the Court should conclude that DBDFW 3 cannot set forth any allegations to state a claim on which relief can be granted regarding its claims and that further attempts to amend would be futile and unnecessarily delay the action's resolution.

## Recommendation

The Court should grant Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 9] and dismiss all of DBDFW 3's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE